UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Stanley Mark Ballenger, # 151010, | ) | C/A No. 6:04-1438-RBH |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING** |
| | ) | **CERTIFICATE OF** |
| Robert H. Mauney, Warden of Northside | ) | **APPEALABILITY** |
| Correctional Institution; and Henry | ) | |
| McMaster, Attorney General of the State of | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

The Appellant made application to the court for a writ of habeas corpus, challenging his detention by the State of South Carolina. The court, by order filed March 29, 2005, denied Appellant's application for a writ of habeas corpus. The matter is now before the Court on Appellant's Motion for a Certificate of Appealability, filed April 20, 2005. The motion requests the court to certify grounds for appeal pursuant to 28 U.S.C. § 2253(c).

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). Most courts agree that the standard for issuing a certificate of appeal ability under 28 U.S.C. § 2253(c) ("substantial showing of the denial of a constitutional right") remains unchanged from the former standard for granting certificates of probable cause ("substantial showing of the denial of a federal right"). *Drinkard v. Johnson,* 97 F.3d 751, 756 (5th Cir. 1996); *Reyes v.*

1

*Keane,* 90 F.3d 676, 679 (2d Cir. 1996); *Lennox v. Evans,* 87 F.3d 431, 434 (10th Cir. 1996). *See also Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The Court is well familiar with the issues raised in this proceeding, and has studied Appellant's memorandum accompanying the Motion for a Certificate of Appealability.

After considering the substantive merits of Appellant's claims, the Court remains convinced that the petition for writ of habeas corpus was properly denied as to all claims, for the reasons set forth in the Court's order. Additionally, the Court notes that "Affidavit 2/2 of Appellant" dated April 12, 2005, which accompanies his Certificate of Appealability, states that he "appeared on February 7, 2005, and counsel motioned to amend my PCR upon newly discovered evidence, arguing the fact of the first retained attorney and deputy solicitor breached a plea bargain, that were the reasons for relieving him and retaining second attorney, discussing not my arguments or motions to be address[ed]." (P. 5/6A) The Court notes that Appellant's PCR application is still active and has been continued once again, apparently without objection from the Appellant. Accordingly, this Court will not certify the Appellant's issues under 28 U.S.C. § 2253(c).

Appellant's Motion for a Certificate of Appealability is **DENIED**. Consequently, Appellant's Motion for Release is also **DENIED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 3, 2005
Florence, SC

2